Jacqueline A. Whitaker PENLAND,
Appellant,

v.

Edwin H. PENLAND, Appellee.

Supreme Court of Tennessee.

March 10, 1975.

Don A. Layton, Oak Ridge, for appellant.

W. Clark Meredith, Joyce, Anderson, Wood & Meredith, Oak Ridge, for appellee.

## OPINION

FONES, Chief Justice.

Appellant Jacqueline A. Penland obtained a divorce from appellee Edwin H. Penland on March 15, 1969. Custody of their two daughters, then sixteen and fourteen years of age, was awarded to wife. Husband and wife had entered into an agreement which was incorporated into the decree and approved by the court, wherein husband assumed liability for all future educational expenses of the children beyond high school level.

On September 12, 1973, Mrs. Penland filed two separate petitions seeking to enforce the liability of the father to pay the first semester's college expenses incurred by the youngest daughter. Mr. Penland moved for summary judgment which was granted by the trial court and this direct appeal resulted.

The first paragraph of the property settlement agreement awards custody of the parties' 2 daughters to the wife and the second paragraph provides as follows:

"2. (a) That the parties jointly own real property located at 107 North Tampa Lane, in Oak Ridge, Tennessee, and the wife, party of the second part agrees to transfer all her right, title and interest in said property unto the said husband, party of the first part.

(b) As child support, the wife and children shall have the privilege of living on the property and maintain the same as a home for said minor children so long as she is unmarried or until the children go to school above high school level, or marry, or otherwise leave home.

(c) The husband shall assume liability for all future educational expenses of the children beyond high school level.

(d) The husband agrees to pay all maintenance, insurance and taxes on the said property together with the remaining indebtedness on the same in the sum of $16,000.00."

The father's motion for summary judgment asserts that by virtue of the Legal Responsibility Act of 1971 and the decisions of this Court in Whitt v. Whitt, Tenn., 490 S.W.2d 159 (1973); Weinstein v. Heimberg, Tenn.App., 490 S.W.2d 692 (1972), and Parker v. Parker, Tenn., 497 S.W.2d 572 (1973), that no legal obligation exists for the support of a child after age eighteen. The order of the trial judge sustaining defendant's motion for summary judgment recites that said statute and decisions control the issues raised in said petitions and dismissed same.

Appellant's first assignment of error contends that the trial court should have granted her "Petition to Correct Mistake or Amend or Modify Final Decree", one of the two separate petitions filed on the same date. Said petition alleges, in substance, that Mrs. Penland gave up her interest in the real property in return for Mr. Penland's agreement to assume liability for his children's educational expenses beyond high school level; that Mr. Penland now has the use of the property but refuses to pay the educational expenses of his children.

The petition prays for correction of the final decree, by divesting title out of defendant and vesting same back in both parties or, in the alternative, direct defendant to place in trust a sufficient amount of money to assure the future educational expenses of the children of the parties.

Appellant calls our attention to Jones v. Jones, Tenn.App., 486 S.W.2d 927 (1972), where Mr. Jones' petition was also styled one to correct mistake or amend or modify final decree and was sustained, on appeal, as a Bill of Review. In the *Jones* petition it was alleged that at the time the final de-

cree was entered all parties, their attorneys and the court were of the opinion that a note secured by a trust deed on real estate was the sole and separate property of Mr. Jones. The trial judge awarded alimony and child support predicated on the assumption that Mr. Jones was entitled to all of the proceeds of said note. Approximately 14 months later, it was discovered that Mrs. Jones' name was on the note, she claimed one-half of the proceeds and Mr. Jones filed a petition for relief from the terms of the final decree. The Court of Appeals held that, " . . . had the true facts been known as they existed at the time the decision was entered, they would have produced a different determination."

It is apparent in the instant case that the exact decree was entered that was intended to be entered under the facts and the law as it existed in May, 1969. The law imposed a duty to support the children of the parties to age 21, in May, 1969. Mrs. Penland's dissatisfaction with the decree arises from the change in the law that occurred in May, 1971, when the legal duty of support was terminated at age 18 by the Legislature. An error of law appearing in the body of the decree provides a ground for a bill of review but a change in the law will not. See Gibson's Suits in Chancery, 5th ed., §§ 1287–1311. The contention that the final decree should be corrected pursuant to Rule 60.02(5) TRCP is without merit.

The second and third assignments of error are sufficient to raise the issue of whether or not the decree in this case imposes a legal duty or a contractual duty for the educational expenses of the two daughters of the parties. We interpret paragraph 2(c) to be a contractual agreement between the Penlands, independent of the legal duty of child support.

The authority of the courts to order child support and, if necessary, to enforce same by the process of contempt, is statutory, and generally exists only during minority. 490 S.W.2d, at 160. When the husband and wife contract with respect to the legal duty of child support, upon approval of that contract, the agreement of the parties becomes merged into the decree and loses its contractual nature.

However, from a careful reading of Osborne v. Osborne, 29 Tenn.App. 463, 197 S.W.2d 234 (1946); Doty v. Doty, 37 Tenn.App. 120, 260 S.W.2d 411 (1952), and the cases cited, it is clear that the reason for stripping the agreement of the parties of its contractual nature is the continuing statutory power of the Court to modify its terms when changed circumstances justify. It follows, and we so hold, that only that portion of a property settlement agreement between husband and wife dealing with the legal duty of child support, or alimony over which the court has continuing statutory power to modify, loses its contractual nature when merged into a decree for divorce.

The question of whether a father is legally liable for the college education of his sons and daughters is the subject of divided opinion among the various jurisdictions of this country. 490 S.W.2d, at 695. In Atchley v. Atchley, 29 Tenn.App. 124, 194 S.W.2d 252 (1945), the Court of Appeals apparently said that the answer would depend upon the father's means and station in life and the child's talent and capacity for education. This Court has not dealt expressly with the issue and we do not have before us in this case the question of the legal obligation of a father to provide a college education for his children. It is a valid contractual area for husband and wife in the throes of divorce.

Paragraph 2(c) of the contractual agreement between the Penlands makes no reference, direct or indirect, to age, minority or majority. It imposes an obligation to pay all future educational expenses beyond high school level. Being without any limitation, it necessarily envisioned continuance of the obligation beyond age 21, the age of majority at the time the agreement was entered into.

We hold that paragraph 2(c) is a contractual obligation outside the scope of

the legal duty of support during minority, and retained its contractual nature, although incorporated in the final decree of divorce. Mrs. Penland or the daughters are entitled to enforce said obligation by the obtaining of a money judgment, from time to time, as the obligation matures, and for the enforcement thereof by execution, as provided by law. We are thus consistent with the holding of the Court of Appeals in Jones v. Jones, 503 S.W.2d 924 (Tenn.App.1974).

Counsel for Mrs. Penland has filed a motion in this Court for allowance of attorney's fees. Having determined that the obligation is contractual and not a statutory duty of child support, it follows that no attorney fees can be awarded.

The action of the trial judge, in sustaining Edwin Penland's motion for a summary judgment is reversed. This cause is remanded to the Trial Justice Court for Anderson County for further proceedings consistent with this opinion. The costs of this appeal are adjudged against Edwin Penland.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.