Carlana Christine Mercer **MOSCHEO**
**and Angela Moscheo,**
**Plaintiffs/Appellants,**

**v.**

**Joseph Anthony MOSCHEO,**
**Jr., Defendant/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

June 17, 1992.

Permission to Appeal Denied by
Supreme Court Sept. 14, 1992.

Albert F. Moore, Neal & Harwell, Nashville, for plaintiff/appellant.

Jack Norman, Jr., Philip E. Smith, Nashville, for defendant/appellee.

## OPINION

CANTRELL, Judge.

This is an action to enforce a provision of a divorce decree requiring the father to pay reasonable college tuition for his daughter. The trial judge held that the wife no longer had standing to enforce the decree and that the husband had fulfilled his obligation. We affirm the judgment of the lower court except as to that part of the judgment holding that the wife does not have standing.

### I.

Carlana Christine Moscheo and Joseph Anthony Moscheo, Jr. were divorced in Williamson County in 1981. The final decree gave Mrs. Moscheo primary custody of the parties' one minor child, Angela Moscheo. The decree also contained the following provision:

Notwithstanding the previous Court decisions, the husband agrees to pay on behalf of the minor child a reasonable college tuition even though said child may have attained eighteen (18) years of age at the time of entering college. Said obligation shall be for a four-year degree program, provided, however, that child or adult, as the case may be, must be taking advantage of that educational opportunity.

In 1989, Angela graduated from high school and enrolled at the College of Charleston at Charleston, South Carolina. Mr. Moscheo agreed but advised her that he expected her to take advantage of the opportunity by doing well in college. For the first semester at the College of Charleston, Mr. Moscheo paid approximately $7,000 in fees and expenses.

Angela did not do well at the College of Charleston and decided to transfer to Belmont College in Nashville where she could live near the campus and work part-time. Mr. Moscheo paid tuition in the amount of $2,690 for the spring semester of 1990 at Belmont, and agreed to pay $200 per month toward the rent on an apartment. As a condition for this support, Mr. Moscheo told Angela that she must maintain a "C" average and get a part-time job. According to Mr. Moscheo, Angela did not meet either of the conditions and steadfastly refused to allow him to see her grades.

In the summer of 1990, Angela told her father that she wished to attend Anderson University in Anderson, Indiana. The trial judge found as a fact that at that time Mr. Moscheo outlined certain conditions under which he would pay Angela's school expenses for the 1990–91 school year. The most important condition was a cap of $6,000 on the amount he would pay. Angela admits that her father paid over $6,000 for her expenses at Anderson University in the fall of 1990. When she asked him to pay for the Spring 1991 semester, he refused.

Mrs. Moscheo and Angela filed this petition on January 25, 1991, to enforce the original agreement. The trial judge found that Mr. Moscheo had paid the amount required by the agreement for the 1989–90 and 1990–91 school years. He therefore dismissed the petition.

### II.

The trial judge found that the provision in the final divorce decree only required Mr. Moscheo to pay a reasonable amount of tuition each year and did not require him to pay other fees and expenses. We agree with that conclusion.

The question then becomes what is a "reasonable" amount of tuition? We think the answer to that question will vary according to the circumstances. The record indicates that the tuition in state colleges in Tennessee for the 1990–91 school year was between $1,000 and $2,000 per year. Tu-

ition at private colleges was, of course, much higher. The actual tuition at Anderson University for 1990–91 was $3,665 per semester.

We think $6,000 per year is a reasonable amount of tuition under the circumstances of this case. It is in the middle range between the cost of tuition at a good state-supported university and a moderately priced private institution. The agreement does not set a specific figure, but it could hardly be argued that the agreement obligated Mr. Moscheo to pay an unlimited amount, or that the agreement allowed Mrs. Moscheo and/or Angela to unilaterally decide on the college Angela would attend.

### III.

Appellants argue that the trial judge's decision in this case allows Mr. Moscheo to unilaterally alter the contract by imposing the "conditions" he insisted on in the summer of 1990. However, the trial judge did not find that the contract had been altered. He specifically found that $6,000 was a "reasonable" amount of tuition under the circumstances.

The appellants also argue that by paying more than the simple amount of tuition in the 1989–90 school year, Mr. Moscheo had become obligated to pay all of Angela's school expenses including tuition, room and board. However, we can find no basis in the record for a holding that Mr. Moscheo waived his right to rely on the agreement or that he should be estopped from asserting the limitations contained in the agreement.

### IV.

We think the trial judge did err in holding that Mrs. Moscheo no longer had standing to enforce the agreement. A promisee's right to enforce a contract extends to a promise made for the benefit of a third person. *Insurance Premium Services, Inc. v. Wood,* 57 Tenn.App. 514, 420 S.W.2d 595 (1967). *See also Penland v. Penland,* 521 S.W.2d 222 (Tenn.1975); 17A Am.Jur.2d *Contracts* § 426. Therefore, we reverse that part of the lower court's order.

The judgment of the court below is affirmed in part and reversed in part and the cause is remanded to the Circuit Court of Williamson County for any further proceedings that may become necessary. Tax the costs on appeal to the parties equally.

TODD, P.J., and LEWIS, J., concur.