985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Dillard M. SHOLES, III; Shirlene Hammitt Sholes, Debtors,
Dillard M. SHOLES, III, Plaintiff-Appellee,
v.
Virginia W. SHOLES, Defendant-Appellant.
 No. 92-5610.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1993.
 
 Before KEITH and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Virginia Sholes appeals a district court order affirming the bankruptcy court's decision discharging the debtor's obligation to pay college educational expenses for two of his children. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Although requested to do so, neither party has requested oral argument. Thus, oral argument is waived.
 
 
 2
 Virginia and Dillard Sholes were divorced in 1975. Subsequently, Mr. Sholes agreed to pay for fees, books, and tuition for the two youngest children of that marriage in order for them to obtain college educations. He filed a Chapter 7 petition in bankruptcy in 1991. He then filed an adversary proceeding pursuant to 11 U.S.C. § 523(a)(5) to determine the dischargeability of his obligation to pay college expenses for two of his children.
 
 
 3
 At the conclusion of the proof, the bankruptcy court held that the obligation to provide a college education for two children of the marriage would be discharged as a matter of law. See In re Calhoun, 715 F.2d 1103, 1110 (6th Cir.1983). Sholes had stipulated that he intended to provide support when he agreed to pay the college expenses. But Tennessee law terminates support obligations at age eighteen. See Tenn.Code Anno. § 34-1-101(b) (1991); Penland v. Penland, 521 S.W.2d 222, 224-25 (Tenn.1957). Therefore, the agreement was actually contractual in nature, and the debt could be discharged. The district court agreed with the bankruptcy court's decision. We conclude that the district court and the bankruptcy court were both correct.
 
 
 4
 Accordingly, we affirm the district court's April 3, 1992, order. Rule 9(b)(3), Rules of the Sixth Circuit.