Mary Jane Bohlen Duggan )
) Appeal No.
Plaintiff/Appellant, ) 01-A-01-9611-CV-00535
)
v. ) Davidson Circuit
) No. 85D-195
Frederick Louis Bohlen, III, )
)
Defendant/Appellee. )

FILED

July 9, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FOR THE SECOND CIRCUIT COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE MARIETTA M. SHIPLEY, JUDGE


DAVID W. KIOUS
1535 West Northfield Boulevard
8 Lincoln Square
Murfreesboro, Tennessee 37216
        ATTORNEY FOR PLAINTIFF/APPELLANT

KATHRYN G. BRINTON
43 Music Square West
Nashville, Tennessee 37203
        ATTORNEY FOR DEFENDANT/APPELLEE


AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED


SAMUEL L. LEWIS, JUDGE

OPINION

This is an appeal by petitioner/appellant, Mary Jane Bohlen Duggan, from the decision of the trial court modifying the child support obligation of respondent/appellee, Frederick Louis Bohlen, III, and interpreting the parties' marital dissolution agreement ("MDA") and a later amendment to the MDA. The court concluded Mr. Bohlen was not in contempt and required him to pay $860.00 per month for the parties' youngest child, $250.00 per month for each child over eighteen and under twenty-two provided the child is receiving a postgraduate education, and one-half of the children's postgraduate education expenses. The facts out of which this matter arose are as follows.

Ms. Duggan and Mr. Bohlen were divorced on 9 May 1985. The final divorce decree included an MDA. The parties had three children: Jennifer Sue Bohlen, born 24 September 1974; Allyson Reed Bohlen, born 20 January 1977; and Julie Kay Bohlen, born 18 May 1979. The MDA awarded custody of the children to Ms. Duggan and provided:

> 2. The father, Frederick Louis Bohlen, III, will pay unto Mary Jane Bohlen, the total sum of $750.00 . . . per month as child support . . . . The apportioned share to be reduced on the eighteenth birthday of each child, unless the child chooses to attend post high school education; then the payments shall continue until age 22.
> . . . .
> 5. Each party shall pay one-half of the expenses of post high school education for each of the children.

The court entered an agreed order on 28 January 1991. The order provided: "The parties are further in agreement that an increase in child support should occur and that the monthly amount of child support should be $1,350.00 . . . . The setting of child support in the amount of $1,350.00 per month comports with the child support guidelines promulgated by the Tennessee Department of Human Services."

Ms. Duggan filed a petition for contempt and an increase in child support in the Circuit Court of Davidson County on 23 October 1995. Ms. Duggan alleged Mr. Bohlen had been late with his monthly payments, there had been a substantial and material change in circumstances requiring an increase in support, and Mr. Bohlen had not paid one-half of the children's postgraduate education expenses. Mr. Bohlen answered and filed a counter-petition. Mr. Bohlen claimed the court should reduce

the monthly support because two of the children had reached the age of majority.

The court held a hearing on 3 June 1996. Instead of taking evidence and hearing formal testimony, the attorneys simply presented the facts to the court.[1] The court entered its final order on 19 June 1996 and found there was no contempt. The court also modified the child support to conform with the child support guidelines; thus, the court required Mr. Bohlen to pay $860.00 per month for Julie Kay Bohlen. The court determined the MDA contained a contractual duty of support which required Mr. Bohlen to pay $250.00 per month for each child over eighteen and under twenty-two provided the child is receiving a postgraduate education. Moreover, the court concluded the 1991 agreed order did not alter this contractual duty. Finally, the court held Mr. Bohlen responsible for one-half of the children's postgraduate education expenses including tuition, activity fees, graduation fees, orientation fees, and reasonable room and board expenses, but not including sorority fees or transportation costs.

Ms. Duggan filed a timely notice of appeal. On appeal, Ms. Duggan contends the 1991 agreed order modified Mr. Bohlen's contractual support obligation. Mr. Duggan disagrees and raises two issues. First, he argues the MDA only required he pay a total of $750.00 per month and he should not have to pay any additional support if his statutory obligation exceeds $750.00. Second, he insists the court erred when it required him to pay room and board expenses as part of the children's education expenses.

We review the trial court's findings of fact pursuant to Rule 13(d) of the Tennessee Rules of Appellate Procedure. Thus, the trial court's factual findings are presumed correct unless the preponderance of the evidence is otherwise. "No such presumption attaches to the trial court's conclusions of law." *Jahn v. Jahn*, 932 S.W.2d 939, 941 (Tenn. App. 1996). There is no doubt and the parties agree the MDA created both a statutory and a contractual obligation. *See Penland v. Penland*, 521 S.W.2d 222, 224 (Tenn. 1975). Thus, the issues presented here involve the extent of

---

[1] It is the opinion of this court that it is inappropriate to decide cases without taking evidence or receiving stipulations. In this case, however, the error was harmless as the parties are in general agreement as to the facts. *Compare Brooks v. Brooks*, No. 01-A-01-9607-CV-00312, 1997 WL 83664 (Tenn. App. 26 Feb. 1997)(remand a second circuit court decision for an evidentiary hearing).

these obligations and whether the parties or the court modified the obligations.

Statutes and regulations control the extent of Mr. Bohlen's statutory obligation while the parties' intentions control the extent of his contractual obligation. This court must ascertain the parties' intentions and give them effect. *Perry v. Sloan*, 197 Tenn. 630, 642, 277 S.W.2d 355, 360 (Tenn. 1955). "In getting at this intention we of course do not determine what the state of the mind was of the parties at the time the contract was executed but rather what their intention was as actually embodied and expressed in the instrument as written." *Id.* This determination is a question of law when the language is plain and unambiguous. *Id.* at 361. The fact the parties' disagree over the interpretation of a particular contract provision does not create an ambiguity. *Cookeville Gynecology & Obstetrics, P.C. v. Southeastern Data Sys., Inc.*, 884 S.W.2d 458, 462 (Tenn. App. 1994). "'A contract is ambiguous only when it is of uncertain meaning and may fairly be understood in more ways than one. A strained construction may not be placed on the language used to find ambiguity where none exists.'" *Id.* (quoting *Farmers-Peoples Bank v. Clemner*, 519 S.W.2d 801, 805 (Tenn. 1975)). It is the opinion of this court that the language in both the MDA and the 1991 agreed order is unambiguous. Although the parties' interpretations differ, the language may fairly be understood in only one way.

The MDA as originally drafted required the following of Mr. Bohlen: first, the statutory obligation required Mr. Bohlen to make monthly child support payments of $750.00 and second, the contractual obligation required Mr. Bohlen to continue paying the apportioned share applicable to a child, $250.00, when a child reaches age eighteen and chooses to continue her education. This obligation continues as long as the child is receiving a postgraduate education and is under twenty-two.

It is Ms. Duggan's contention that the 1991 agreed order modified both obligations. We disagree. Although the term child support as used in the order could refer to both obligations, it is the opinion of this court that the use of the term along with references to the child support guidelines indicate the order applied to the statutory obligation only. Moreover, the order does not mention or refer to the contractual obligation or post-majority support. For these reason, it is the opinion of this court that the 1991 agreed order modified only the statutory obligation. Because

the contractual obligation was not modified, Mr. Bohlen's contractual obligation remains the same.

Mr. Bohlen argues the MDA obligates him to pay at most $750.00, but admits the statutory obligation could exceed this amount. Mr. Bohlen then asserts he should only have to pay $750.00 if his statutory obligation exceeds $750.00. We can not agree. Mr. Bohlen relies on the language "the total sum of $750.00" to support his assertion. It is the opinion of this court that when this phrase is read in the context of the entire paragraph it clearly refers to the amount to be paid for all three of the children, not a maximum amount of support.

The MDA did not set a support ceiling, and the 1991 agreed order did not amend Mr. Bohlen's contractual obligation. Given the clear language of the MDA, it is the opinion of this court that the trial court correctly determined the issues relating to Mr. Bohlen's statutory and contractual support obligations.

We now turn to the education expense issue. We can not agree with the trial court's conclusion that the phrase "expenses of post high school education" as used in this case includes room and board. Ms. Duggan relies on *Acosta v. Acosta*, No. 03-A-01-9403-CV-00081, 1994 Tenn. App. LEXIS 433 (Tenn. App. 8 Aug. 1994), to support her claim that the expenses include room and board. The facts of *Acosta* are distinguishable from the instant case. The obligor in *Acosta* had not entered into a contractual agreement to pay post-majority support or education expenses. Instead, the court ordered the obligor to pay a portion of his statutory child support into an educational fund. The court then restated the trial court's list of those items to be paid out of the fund which included room and board. In this case, Mr. Duggan agreed in two separate paragraphs to pay both post-majority support and education expenses. After reading these two paragraphs together, we must conclude the phrase "expenses of post high school education" does not include room and board. Any other reading would be redundant.

Therefore, it follows that the decision of the trial court is affirmed in part and reversed in part. The case is remanded to the court for any further necessary proceedings. Costs on appeal are taxed equally to petitioner/appellant, Mary Jane

5

Bohlen Duggan, and respondent/appellee, Frederick Louis Bohlen, III.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
WILLIAM C. KOCH, JR., J.

6