# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

December 8, 1998

Cecil W. Crowson
Appellate Court Clerk

JAMES ROWLAND MOORE,               )
                                   )
        Plaintiff/Appellant,       )
                                   )    Appeal No.
                                   )    01-A-01-9708-CV-00444
VS.                                )
                                   )    Davidson Circuit
                                   )    No. 94D-2612
KAREN OWEN MOORE,                  )
                                   )
        Defendant/Appellee.        )


APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE MURIEL ROBINSON, JUDGE

LINDA F. BURNSED
AMY BRYSON SMITH
424 Church Street, Suite 1750
Nashville, Tennessee 37219
        Attorneys for Plaintiff/Appellant

SANDRA JONES
213 Third Avenue, North
Nashville, Tennessee 37201
        Attorney for Defendant/Appellee

REVERSED AND REMANDED


BEN H. CANTRELL
PRESIDING JUDGE, M.S.


CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

After a 1996 divorce by the Circuit Court of Davidson County the husband filed an independent damages action in the chancery court, alleging that the wife fraudulently induced him to enter into the divorce settlement. The wife filed a Rule 60.02 motion in the divorce court seeking a declaration that she was not guilty of fraud. The divorce court ruled that the chancery court was bound by the circuit court's judgment and that the husband must pay $2500 in attorney's fees to the wife for services in the Rule 60.02 motion. We reverse.

## I.

The parties were divorced in 1996 by an order of the Circuit Court of Davidson County. Prior to the entry of the divorce, the parties negotiated a settlement of the marital home. The wife agreed to pay the husband $9,000 for his equitable interest in the home in exchange for a quitclaim of that interest to the wife. This agreement was formalized by an agreed order entered in the divorce court on July 5, 1995. The final order granting the divorce and disposing of the remaining issues was entered on May 20, 1996.

On or about January 17, 1997, Mr. Moore filed a complaint in the Davidson County Chancery Court accusing Ms. Moore of fraudulent misrepresentations in the marital home transaction. Specifically, the complaint alleged that Ms. Moore was a real estate agent and that she and her attorney represented to Mr. Moore that his interest in the home amounted to $9,000 when they knew such representations were false and that the value was much higher. The complaint further alleges that the $9,000 value was based on a total value for the home of $215,000, as represented by Ms. Moore, but that she sold the house in September of 1995 for $238,500. The complaint sought compensatory and punitive damages and attorney's fees and asked for a jury to try the issues.

On May 2, 1997 Ms. Moore filed a motion to dismiss or in the alternative, for summary judgment in the chancery court. She asserted that Mr. Moore was estopped from raising the fraud issue in the chancery court, that the judgment of the divorce court was res judicata, and that the divorce court had exclusive jurisdiction over the question. At some point not clear from the record, Ms. Moore answered the complaint and raised the same defenses that she raised in her prior motions.

On May 2, 1997 Ms. Moore also filed a motion in the divorce court seeking a review under Rule 60.02, Tenn. R. Civ. Proc. to determine "whether fraud was perpetrated upon the Court and Defendant in this cause." The motion also asserted that Mr. Moore's chancery court action was frivolous and that the divorce court should award sanctions pursuant to Rule 11, Tenn. R. Civ. Proc.

The chancery court overruled Ms. Moore's motion to dismiss. The court held that the complaint stated a cause of action for fraud, but the court deferred a ruling on the other matters pending before it until the divorce court ruled on the Rule 60.02 motion.

The divorce court heard the Rule 60.02 motion on July 11, 1997 and thereafter entered an order holding (1) that "Mr. Moore's 'equitable interest' in the parties real property is res judicata and binding on the Chancery Court," and (2) that the June 23, 1995 agreed order "is not contractual and does not constitute a contract but is part of the final resolution of the divorce action and is part of the Final Decree of Divorce."

## II.

We think most of the confusion in this case arises from a fundamental misunderstanding of what is involved. First, the chancery court action is an action for

damages based on fraud and deceit. It is not an action for relief from the judgment. The chancery court complaint does not ask that the divorce decree be set aside, altered, or modified in any way. It seeks compensatory and punitive damages for the defendant's alleged misrepresentations in the division of the marital home.

> "This is a separate, independent, and distinct action.... Notwithstanding that the property settlement agreement may have been incorporated into the divorce decree, one option available to plaintiff to seek redress for the alleged fraud of defendants is to sue for damages at law under the theory of fraud and deceit."

*Tanner v. Tanner* (Tenn. Ct. App., filed at Jackson July 31, 1985). *See also Vance v. Schulder*, 547 S.W.2d 927 (Tenn. 1977). We would only add that, in our opinion, and contrary to the circuit court's order, the agreement to divide the marital home does retain its contractual status, despite being incorporated into the circuit court's order. *See Penland v. Penland*, 521 S.W.2d 222 (Tenn. 1975).

Second, Ms. Moore's Rule 60.02 motion filed in the circuit court had no legitimate purpose. Rule 60 provides avenues for relief from a final judgment. But Ms. Moore's motion did not seek any relief from the circuit court's final judgment. Stripped to its bare essentials, the motion simply sought a declaration by the circuit court that Mr. Moore's chancery action had no merit -- a curious reversal of the historic relationship between the two courts. That such relief is beyond the power of the circuit court should be apparent. But even if the power existed, it should be even more apparent that it is not invoked by a Rule 60.02 motion.

Finally, in perhaps the strangest aspect of this strange case, the circuit court assessed sanctions under Rule 11, Tenn. R. Civ. Proc. for what the court deemed was Mr. Moore's frivolous lawsuit in chancery. There is no allegation that Mr. Moore misrepresented anything in responding to the Rule 60.02 motion, or that his position was not tenable under the applicable law. He did not voluntarily seek any relief from the circuit court; he was compelled to respond to Ms. Moore's effort to seek

the court's protection from the chancery action.  In our opinion the Rule 11 sanctions were misplaced.

### III.

It may be that Mr. Moore's chancery action is frivolous, we take no position on the merits of that case, but the chancery court has the tools to deal with frivolous lawsuits.  We simply recognize that Mr. Moore had the right to file the chancery action and that the circuit court had no power to rule on its merits or to impose sanctions for its filing.

The judgment of the lower court is reversed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings that may become necessary.  Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE