# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 23, 2002 Session

## ISHMAEL H. MACE  v. PHYLLIS C. MACE

**An Appeal from the Circuit Court for Shelby County**
**No. 130557 R.D.  Karen Williams, Judge**

---

**No. W2001-00574-COA-R3-CV - Filed April 15, 2002**

---

This is a post divorce action to recover a child support arrearage.  The parties' original Pennsylvania divorce decree required that the father pay child support for their three children.  Under the foreign decree, the support was not to be reduced on a pro rata basis as each child reached majority, but simply end when the youngest child reached majority.  This decree was later domesticated in Tennessee, then modified to increase the monthly child support obligation.  The father did not pay.  The trial court found him in contempt and ordered him to pay the arrearage.  The father filed a motion to alter or amend, arguing that there should be a pro rata reduction as each child reached the age of majority, or at least a pro rata reduction of the amount of the Tennessee modification.  This was denied.  The father now appeals.  We affirm, finding that the  father's child support obligation remains subject to the provision in the original foreign decree stating that the child support would not be reduced pro rata as each child reached majority.

### Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.

HOLLY K. LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J.(by separate dissent) and  DAVID R. FARMER, J., joined.

Mimi Phillips, Memphis, Tennessee, for the Appellant Ishmael H. Mace

Phyllis H. Mace, *Pro Se*

### OPINION

This is a post-divorce action to recover a child support arrearage.  Plaintiff/Appellee Phyllis H. Mace ("Mother") and Defendant/Appellant Ishmael H. Mace ("Father") were married approximately sixteen years and had three minor children at the time of the divorce, Melanie, Ashley and Lyndsay.  On May 15, 1989, the couple was divorced in Pennsylvania. Pursuant to the Pennsylvania divorce decree, based on a marital dissolution agreement, Father was to pay $1200 per month in child support. Under the terms of the Pennsylvania decree, the child support obligation was

not to be decreased pro rata as each minor child reached the age of majority. The child support was to cease altogether upon the youngest daughter, Lyndsay, graduating from high school.

After the divorce, Mother moved to Memphis, Tennessee. On July 12, 1991, Mother had the Pennsylvania decree domesticated in Tennessee. On August 1, 1991, the Tennessee trial court increased the amount of Father's child support obligation from $1200 to $1500 per month. The Tennessee order did not otherwise modify the original foreign decree.

On August 25, 2000, the Tennessee trial court entered an order of contempt against Father for an arrearage in child support of $36,176. Father made a motion under Rule 59.04 of the Tennessee Rules of Civil Procedure to alter or amend the judgment, arguing that since the order of child support was domesticated in Tennessee, it should be subject to a reduction on a pro rata basis as each child reached majority. This motion was denied by the trial court. Father now appeals the trial court's denial of his motion to alter or amend.

On appeal, Father contends he should not be required to pay the entire arrearage in child support. He notes that the original foreign decree, requiring him to pay $1200 per month, not to be reduced pro rata as each child reached majority, was a consent order based on a marital dissolution agreement. This foreign decree was then domesticated in Tennessee and modified to increase the child support obligation to $1500 per month. Father argues that he agreed to forego any pro rata reduction in the child support only at the original amount of $1200 per month. Since the amount was increased to $1500 per month, Father maintains, he should be entitled to a pro rata reduction in the amount as each child reached majority. In the alternative, Father argues that the pro rata reduction should apply to the amount of increase in child support, the $300 difference between the original $1200 per month and the modified amount of $1500 per month.

Because this case was tried by the trial court without a jury, we review it *de novo* upon the record with a presumption of the correctness of the findings of fact by the trial court. *See* Tenn. R. App. P. 13(d). Questions of law are reviewed *de novo*, with no presumption of correctness. ***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996). Interpretation of the Pennsylvania and Tennessee orders involve questions of law to which no presumption of correctness attaches.

On appeal, Father relies on ***Clinard v. Clinard***, No. 01-S-01-9502-CV0021, 1995 WL 563858, at *2 (Tenn. Sep. 25, 1995), *petition for rehearing denied*, 1995 Tenn. LEXIS 665 (Tenn. Nov.25, 1995), *substitute order entered by* 1995 Tenn. LEXIS 734 (Tenn. Dec. 4, 1995), in which the Tennessee Supreme Court declared that a parent has no *legal* duty to support a child once the

child reaches the age of majority.[1] From this Father argues that at least the Tennessee modification of $300 per month should be reduced as each child reaches eighteen. This reliance is misplaced. Whether a parent has a legal duty to support a child upon that child reaching adulthood is not the issue. The issue in this case involves interpretation of the original Pennsylvania decree, as well as the effect of the subsequent Tennessee orders domesticating the decree and modifying the amount. The original Pennsylvania decree states clearly that "said sum ($1200) will be not be reduced as each of said daughters attains the age of eighteen (18) years, but will terminate completely upon the date of graduation from high school of the youngest daughter, Lyndsay." Generally when "the husband wife contract with respect to the legal duty of child support, upon approval of that contract, the agreement of the parties becomes merged into the decree and loses its contractual nature." *Penland v. Penland*, 521 S.W.2d 222, 224 (Tenn. 1975). Therefore, regardless of whether this order was entered by consent, it remains a court order, subject to "the continuing statutory power of the Court to modify its terms when changed circumstances justify." *Id.* When this order was domesticated and modified, the only change to the original order of divorce was to increase the amount of child support Father was obligated to pay. There was no modification of the language in the original decree stating that the amount of child support would not be reduced as each child reached majority. Indeed, the record does not indicate that Father even sought a modification of the original decree regarding pro ration.

The dissent correctly notes that a child support obligation in excess of that which is legally mandated remains "contractual" in nature even though it is incorporated into the final divorce decree. *See Penland*, 521 S.W.2d at 225 (Tenn. 1975). Since a parent generally cannot be ordered to pay child support for an adult child, any obligation undertaken to pay support for a child beyond the date that child reaches the age of majority would be contractual only and not subject to revision by the courts. *Bryan v. Leach*, No. 91-540, 2001 Tenn. App. LEXIS 421, at *36 (Tenn. Ct. App. Jun 5, 2001).

Had Father shown that the $1500 per month child support obligation was in excess of the amount of child support that would have been justified for one child in light of Father's net income, we would be required to consider this fact in determining whether the provision stating there would be no pro ration of the amount of child support is applicable to the $300 per month increase in child support. In this case, however, Father fails to show, or even allege, that the amount of monthly child support ordered by the trial court exceeds that which would have been required under the child support guidelines for the remaining minor child. *See Rutledge v. Barrett*, 802 S.W. 2d 604, 605 (Tenn. 1991) (finding that where circumstances justify the original total amount of support for the remaining minor children, a trial court is not obligated to apply pro ration to a past award). Since the conclusion reached by the dissent is premised on the assumption that the $1500 per month child

[1]

We note that *Clinard* is designated as "not for publication" and may, therefore, only be cited as persuasive authority. *See* Tenn. R. Sup. Ct. R. 4(H)(1). However, Father's assertion that a parent has no legal duty to support a child once the child reaches the age of majority is settled law in Tennessee. *See, e.g., Hawkins v. Hawkins*, 797 S.W.2d 897 (Tenn. Ct. App. 1990).

support obligation is "above the legal mandates," and Father has not proven or even alleged this fact, we respectfully decline to reach this conclusion.

Additionally, Father relies upon Tennessee Code Annotated § 36-5-101(a)(1), in effect at the time of modification, which provided "unless the court specifically orders otherwise, any order which provides for the support of two or more persons shall be deemed prorated in equal shares among such persons." This statute has since been repealed. Regardless, it has no application to this case since the Pennsylvania order specified that there would be no pro rata reduction.

Thus, the provision of the original Pennsylvania decree, stating that the amount of child support would not be reduced pro rata as each child reached majority, remained in effect when the Tennessee trial court modified the amount of Father's obligation. Consequently, Father must pay the entire arrearage ordered by the trial court.

The decision of the trial court is affirmed. Costs on appeal are taxed to the Appellant, Ishmael H. Mace, and his surety, for which execution may issue, if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE

4