IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JANUARY 23, 2002 Session

## ISHMAEL H. MACE v. PHYLLIS C. MACE

**An Appeal from the Circuit Court for Shelby County**
**No. 130557 R.D.; The Honorable Karen Williams, Judge**

————————

**No. W2001-00574-COA-R3-CV - Filed April 15, 2002**

————————

ALAN E. HIGHERS, J.

### DISSENTING OPINION

I respectfully dissent from the conclusion reached by the majority.

Important to this case is the fact that the father and mother entered into a "Family Settlement Agreement," a fact that the majority appears to give only cursory attention. The Family Settlement Agreement amounts to what we would consider a marital dissolution agreement in Tennessee. In this agreement, the father consented to paying $1,200.00 per month in child support with no prorated reduction in *this amount* as each child reached the age of majority. This continuing obligation would not cease until the youngest child graduated from high school.

The father's decision to consent to paying the entire obligation amount after the two eldest daughters reached majority and graduated from high school went beyond his general obligations under Pennsylvania law.[1] The father, however, takes no issue with the Pennsylvania decree and proposes to pay all arrearage accumulated under that decree.

Under Tennessee law, we would obviously enforce an agreement wherein a parent voluntarily agreed to pay more than would be required under law for the support of his children. See Penland

———

[1] In Pennsylvania, the obligation of a parent to support a child generally ceases upon the child reaching the age of majority or when the child graduates from high school, whichever occurs later. Hanson v. Hanson, 625 A.2d 1212, 1214 (Pa. Super. Ct. 1993). The only exception to this rule, referenced in 23 PA. CONS. STAT. ANN. § 4321(3) (2001), concerns parents of adults with physical or mental impairment. Hanson, 625 A.2d at 1214. Accordingly, when the father agreed to pay the entire obligation after the first two daughters reached the age of majority and graduated high school, he was agreeing to incur obligations above the requisite amount.

v. Penland, 521 S.W.2d 222 (Tenn. 1975). The enforcement of the award, however, following a petitioned increase in the obligation, would require further review. In Penland, our supreme court noted the difference between agreed child support payments outlined in a marital dissolution agreement that fulfilled a parent's legal duties and those payments that went above and beyond what would be considered mandatory. Id. at 224-25. Those agreed upon payments that fulfill a parent's legal obligation merge into the final divorce decree. Those payments above the legal mandates, however, continue to retain a contractual nature even though "incorporated" into the final divorce decree. Id. at 225.

In the case *sub judice*, the majority holds that all payments agreed upon by the parties should be considered merged with the Pennsylvania decree. Under Tennessee law, however, as stated above, we treat the portions of an agreement that require a parent to make payments in excess of the legal requirements to be of a contractual nature. Thus, I would hold that the portion of the payments that the father agreed to pay after the eldest daughters became adults and graduated from high school are mere contractual obligations and not modifiable parts of the decree. The majority, however, in requiring the father to continue paying the entire additional $300.00 after the eldest daughters reached the age of majority, in effect, impermissibly rewrote the father's contractual obligations.[2]

I would also hold that the agreement entered into between the parties should be enforced as written. It is what the father voluntarily agreed to pay. However, the father did not agree to pay an additional $300.00 per month after the first and second daughter reached the age of majority. That amount was assessed to him by the state of Tennessee and, accordingly, that amount should be subject to reduction as each of the daughters becomes an adult. I also note that under the reasoning of the majority opinion, the father would have been entitled to no pro rata reduction even if the Tennessee court had doubled or tripled the amount of the original award. This result does not appear to me to be either fair or logical.

I would grant the father a pro rata reduction in the $300.00 modification as each child attained majority. The Pennsylvania court entered a decree which allowed no reduction in the sum of $1,200.00 per month. I would enforce that decree.

_____
ALAN E. HIGHERS, JUDGE

_____

[2] The majority stresses the fact that the father did not allege that the $1,500.00 was above the child support guidelines amount for one child. Common sense dictates, however, that when the court increased the father's obligations, the increase was made to bring his obligations in line with the guideline amount for all three of the parties' children. We find no reason to believe that with all three children under the age of eighteen at the time, the court would have increased the amount of his obligations to a level commensurate with the amount due for only one child. From my review of the record, it appears painfully obvious that the court merely rewrote the contractual obligations of the father.