IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, January 11, 2004

## CONCHITA DARLENE WALKER BOWLING (WILLARD) v. DARRYL RAY BOWLING

**Direct Appeal from the General Sessions Court for Blount County**
No. S-5942      Hon. William R. Brewer, Jr., Judge

---

**No. E2004-01219-COA-R3-CV  - FILED FEBRUARY 14, 2005**

---

In this post-divorce action, the father appeals from the Trial Court's Order requiring the father to reimburse one-half of the college expenses paid by the mother, pursuant to an agreement in MDA signed by the parties. The Trial Court also ordered the father to pay the mother's attorney's fees, and held the father in contempt. On appeal, we affirm the Judgment against the father for one-half of the college expenses, but reverse the finding of contempt and the Order for attorney's fees.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the General Sessions Court Reversed in Part, Affirmed in Part, and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Steve Merritt, Maryville, Tennessee, for appellant.

Conchita Darlene Walker Bowling (Willard), *pro se.*.

### OPINION

The genesis of this action was the filing of a Complaint for Divorce by Conchita Darlene Walker Bowling ("mother"), against Darryl Ray Bowling ("father"), in the Blount County General Sessions Court on September 28, 1998. A Final Decree was entered on November 12, 1998, awarding mother a divorce, and incorporating the parties' Marital Dissolution Agreement by reference. The MDA provided that the mother would have custody of the children, and that the father would pay $200.00 per week in child support. The MDA also provided that "each party shall

be responsible for and pay one-half (½) of a college education for the parties' minor children in the event either or both said children desire to further their education by way of college." The MDA was signed by both parties.

On October 12, 1999, the father filed a Petition to Modify Child Support, due to the fact that eldest child had reached the age of 18. The father's support was reduced (with mother's agreement) to $100.00 per week, until the other child reached 18 or graduated from high school.

On November 5, 2003, the mother filed a Motion for Contempt asking that father be held in contempt for failing to pay his half of the college expenses for the child.

The Court held a hearing on March 5, 2004, and the parties stipulated that they entered into an MDA on October 14, 1998, which contained a provision that the parties would divide the children's college expenses equally; that the father had not paid any college expenses for his daughter for the fall 2003 or spring 2004 semesters; and her tuition and books totaled $2708.70, all of which were paid by the mother. That the mother received a benefit from her employer which paid $912.00 toward the expenses, which was taxable income charged to the mother. The Court held that the father was in willful contempt for failing to pay his half of the college expenses, which the Court found to be reasonable, and ordered the father to pay the mother one half of the expenses within three days, and to pay his half of all future expenses within 10 days of his receipt of the same. The father was also ordered to pay the mother's attorney's fees of $500.00.

On appeal, the father raises these issues:

1. Did the Court have jurisdiction to entertain what is purely a contract dispute between the parties?

2. Did the Court err by finding the father in contempt?

3. Did the Court err in awarding the mother attorney's fees from the father, when the contract did not provide for allowing attorney's fees?

4. Did the Court err by not taking testimony from the parties to determine disputed facts and issues?

5. Did the Court err by giving only plaintiff the benefit of the tuition payment benefit?

The father argues that his agreement to pay one-half of his daughter's college expenses was contractual, and relies upon *Penland v. Penland*, 521 S.W.2d 222 (Tenn. 1975). In that case, the Supreme Court said that such an agreement "is a contractual obligation outside the scope of the legal duty of support during minority, and retained its contractual nature, although incorporated in the final decree of divorce." The father insists the Blount County General Sessions

Court should have "declined jurisdiction in this matter since cases of this type are more properly heard in Chancery or Circuit Court." This argument ignores the fact that general sessions courts have jurisdiction to hear contract matters, so long as the amount in controversy is within the statutory limits, as in this case. *See* Tenn. Code Ann. §16-15-501. This issue is without merit.

The father correctly asserts that this matter should have been treated as a contract action and not a contempt action. *See Penland*, *Hathaway v. Hathaway*, 98 S.W.3d 675 (Tenn. Ct. App. 2002); *Bryan v. Leach*, 85 S.W.3d 136 (Tenn. Ct. App. 2001). This procedural error does not, require dismissal of the action. This agreement to pay college expenses is a contract, enforceable by the courts, and is binding on the parties. *Hathaway*. The agreements is clear and unambiguous regarding the parties' obligation to each pay one-half of their daughter's college expenses.

In fact, the father's Brief admits that the parties had been equally dividing the cost of their daughter's expenses minus the tuition credit received by the mother from her employer, but seeks dismissal on the procedural technicality of how the action was brought.

We will not set aside a Judgment unless "error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Tenn. R. App. P. 36(b). Here, the remedy granted was appropriate for breach of the parties' agreement, and the father was not punished for contempt with a fine or other penalty. The Trial Court reached the correct result as to the monetary judgment. Those expenses were stipulated as evidence, which the Court found to be reasonable and ordered the father to pay his half.

We affirm the monetary Judgment, but hold that the contempt adjudication was in error, and is reversed. *See, Denton v. Denton*, 33 S.W.3d 229 (Tenn. Ct. App. 2000.)**.**

Since the action was essentially based on the contract, the father is correct in his contention that he should not have to pay the mother's attorney's fees, since the agreement does not provide for attorney's fees. *See Penland*, *also see John Kohl & Co., P.C. v. Dearborn & Ewing*, 977 S.W.2d 528 (Tenn. 1998); *Taylor v. Ross*, 736 S.W.2d 614 (Tenn. Ct. App. 1987). The award of $500.00 attorney's fees to the mother is reversed.

The father argues that the Trial Court erred in not taking testimony from the parties to resolve factual disputes, and argued the stipulations contained in the Court's Order were really not stipulations. The father has not presented a transcript of the hearing, and the Court's Order is the only evidence this Court has regarding the proceedings below. We presume the stipulations contained in the order were made unless the father can prove otherwise, but he has presented no proof that these stipulations were not entered.

The father asserts the stipulations are not sufficient to determine the issue, but we disagree. The parties' contract was in evidence, as well as the necessary information such as amounts owed and amounts paid. Moreover, the father in his brief does not dispute that he owed the obligation. This issue is without merit.

Finally, the father asserts that it was error for the Trial Court to refuse to give the father the benefit of the tuition credit the wife receives from her employer. The Contract unambiguously states that the father is to pay one-half of his daughter's college expenses, and does not mention employment benefits. There is no basis for the Court to take these benefits into account in computing the father's obligation. The fact that the wife receives such a benefit and may have voluntarily allowed the father to share the same in the past, does not affect the father's contractual obligation. This issue is likewise without merit.

We reverse the finding of contempt and the award of attorney's fees, but affirm the remainder of the Judgment and remand. In our discretion, we assess the cost of the appeal to Darryl Ray Bowling.

_____
HERSCHEL PICKENS FRANKS, P.J.