# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00919-COA

**DENISE RAWLINGS**                                      **APPELLANT**

**v.**

**RON S. RAWLINGS**                                       **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/10/2022 |
| TRIAL JUDGE: | HON. MITCHELL M. LUNDY JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | BRADLEY WAYNE ESKINS |
| | BRIE DANIELLE WALLACE |
| ATTORNEY FOR APPELLEE: | STEVEN GLEN ROBERTS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 11/21/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1. Ron Rawlings has been paying alimony to his ex-wife, Denise Rawlings, since their divorce in 2006. After Ron lost his job in 2020, he filed a complaint requesting a modification of alimony. Following a trial, the chancellor denied Ron's request and denied Denise's request for attorney's fees. Denise appealed. Denise argues that the chancellor erred by denying her request for attorney's fees pursuant to a provision of the parties' 2006 marital dissolution agreement. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Denise and Ron were divorced in 2006 in Tennessee. Their divorce decree incorporated a marital dissolution agreement that required Ron to pay Denise alimony as

follows: (a) $1,000 per month until Denise refinanced or sold the marital home and paid Ron $3,000 toward a credit card debt; (b) then $1,200 per month until August 2008; and (c) then $1,500 per month until Denise died, remarried, or obtained income of $45,000 per year. In addition, section 26 of the parties' agreement stated:

> **26.** **ENFORCEMENT.** The law of the state of Tennessee shall govern this Agreement in all respects. Should litigation be necessary to enforce any provision of this Agreement, the prevailing party shall be entitled to attorney's fees.

¶3.	At the time of the divorce, Ron earned approximately $100,000 per year. Between 2006 and 2022, Ron made all required alimony payments. Sometime after the divorce, Denise moved to DeSoto County, Mississippi. Ron now resides in Pennsylvania.

¶4.	In October 2020, Ron filed a complaint to enroll and modify the parties' divorce decree in the DeSoto County Chancery Court. Ron alleged that his job had been eliminated in a corporate restructuring, that he was unemployed, and that his income was insufficient to pay the alimony required by the parties' divorce decree and marital dissolution agreement.[1] Denise filed an answer and a motion to dismiss, which the chancellor later denied.

¶5.	Ron's complaint was tried in July 2022. During trial, Denise attempted to testify regarding her attorney's fees. Ron objected on the ground that Denise had not requested attorney's fees. The chancellor sustained Ron's objection after confirming that Denise had not made such a request.

¶6.	Denise filed a post-trial motion to amend her answer to add a request for attorney's

---

[1] In April 2021, Ron found a new job paying $15 per hour, which later increased to $18 per hour.

fees.  However, before a hearing was held on Denise's motion, the chancellor entered an order denying Ron's request to modify alimony.  That order further stated that "[e]ach party shall pay their respective attorney's fees."  Following a hearing, the chancellor denied Denise's motion to amend her answer.  Denise filed a notice of appeal.[2]

**ANALYSIS**

¶7.     Denise argues (1) that the chancellor erred by denying her request for attorney's fees because she is entitled to such fees under section 26 of the parties' marital dissolution agreement and (2) that the chancellor abused his discretion by denying her motion to amend her answer.  Because we conclude that Denise is not entitled to attorney's fees under the parties' agreement,[3] we need not address the latter issue.

¶8.     Denise argues that she is entitled to attorney's fees based on the Tennessee Supreme Court's decision in *Eberbach v. Eberbach*, 535 S.W.3d 467 (Tenn. 2017).[4]  In that case, an ex-wife filed an action against her ex-husband to enforce a provision of the parties' marital dissolution agreement that required the ex-husband to pay their children's uncovered medical expenses.  *Id.* at 472-73.  The parties' agreement also provided, "In the event it becomes

---

[2] Denise filed her notice of appeal after the chancellor had orally denied her motion to amend her answer but prior to the entry of the chancellor's written order.  Pursuant to Mississippi Rule of Appellate Procedure 4(b), her notice of appeal is treated as timely filed after entry of the final judgment.

[3] The interpretation of the parties' marital dissolution agreement presents a question of law that we review de novo.  *Bryant v. Bryant*, 348 So. 3d 309, 313 (¶9) (Miss. 2022).

[4] Denise argues that Tennessee law applies based on the choice-of-law provision of the marital dissolution agreement.  Ron does not argue otherwise.  In any event, we conclude that the result would be the same under either Tennessee law or Mississippi law.

reasonably necessary for either party to institute legal proceedings to procure the enforcement of any provision of this Agreement, the prevailing party shall also be entitled to a judgment for reasonable expenses, including attorney's fees, incurred in prosecuting the action." *Id.* at 471-72. The ex-wife requested attorney's fees pursuant to this provision, and the trial court granted her a judgment against the husband for uncovered medical expenses and attorney's fees. *Id.* at 473. The Tennessee Supreme Court affirmed and held that the ex-wife was also entitled to attorney's fees on appeal. *Id.* at 479-80. The court stated that "parties are contractually *entitled* to recover their reasonable attorney's fees when they have an agreement that provides the prevailing party in a litigation is entitled to such fees." *Id.* at 478. The court held that the ex-wife was entitled to attorney's fees under the parties' agreement because she was the "prevailing party" in an action that "she instituted . . . to procure the enforcement of" the agreement. *Id.* at 480.

¶9.     However, this case is distinguishable from *Eberbach*, and Denise is not entitled to attorney's fees under section 26 of the parties' marital dissolution agreement. Section 26 states, "Should litigation be necessary *to enforce* any provision of this Agreement, the prevailing party shall be entitled to attorney's fees." (Emphasis added). Denise is not entitled to fees under this provision because she was not required to bring or defend an action "to enforce" the parties' agreement. Ron never breached or threatened to breach any provision of the agreement. Rather, Ron continued to make all payments required by the agreement. This distinguishes the case from *Eberbach*, where the ex-husband breached his obligation to pay his children's uncovered medical expenses, forcing the ex-wife to institute

4

legal proceedings to enforce the parties' agreement. *Eberbach*, 535 S.W.3d at 473.

¶10.    Ron did *not* breach the parties' agreement by filing this action seeking a modification of his obligation to pay alimony. A marital dissolution agreement is indeed a contract under Tennessee law. *Id.* at 474; *accord Bryant*, 348 So. 3d at 313 (¶9) (Mississippi law). However, once such an agreement is incorporated into a final divorce decree, "issues . . . such as child support . . . and alimony[] lose their contractual nature and become a judgment of the court." *Eberbach*, 535 S.W.3d at 474. "The trial court retains the power and discretion to modify terms contained in [a marital dissolution agreement] relating to [alimony] upon sufficient changes in the parties' factual circumstances." *Id.*; *accord Penland v. Penland*, 521 S.W.2d 222, 224 (Tenn. 1975).[5] Based on Ron's job loss and reduction in income, he had a right to return to court and request a modification of his obligation to pay alimony. Ron's request was not a breach of the agreement and did not require Denise to take any action "to enforce" the agreement. Accordingly, Denise was not entitled to attorney's fees under the parties' agreement, and the chancellor did not err by denying Denise's request for attorney's fees.

¶11.    **AFFIRMED.**

---

[5] *See also McDonald v. McDonald*, 683 So. 2d 929, 931 (Miss. 1996) ("The rule of law providing for the modification of periodic alimony awards arises from the nature of alimony itself, which is based upon the inherently changing financial ability of the husband to support his wife in the manner to which she is accustomed. As a result, the Chancellors of this state have the authority to modify periodic alimony awards upon a finding of a substantial change in circumstances, regardless of any intent expressed by the parties to the contrary."); *Bell v. Bell*, 572 So. 2d 841, 845 (Miss. 1990) (holding that "parties may not by contract, court-approved or otherwise, deprive the court of authority to hear a plea for modification of periodic alimony").

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**