## Francis Burroughs v. Vera Burroughs

[316 A.2d 525]

No. 57-73

Present: **Barney, Smith, Keyser, and Daley, JJ., and Hill, C. Supr. J.**

Opinion Filed December 4, 1973

Motion for Reargument Denied February 5, 1974

*William J. Knight, Esq.*, Burlington, for Plaintiff.

*Michael J. McGarry, Esq.*, Burlington, for Defendant.

**Hill, C. Supr. J.** On July 26, 1968, Francis Burroughs commenced a divorce action against Vera Burroughs in the Chittenden County Court. Vera Burroughs was then living in Louisiana, at the home of her parents. With her, also, were the children of the parties. She was personally served in Louisiana. She neither appeared personally, nor through an attorney, in the Vermont proceeding.

The action was heard on March 12, 1969. The lower court issued its decree on March 21, 1969, service of which was accepted by Francis Burroughs. No personal or other service of the decree was made on Vera Burroughs.

The decree made provision for custody and support of the children in Louisiana, but made no provision for alimony.

Vera Burroughs returned to Vermont in 1972 and at that time she obtained a copy of the divorce decree. She apparently was aware of the decree and some of its provisions while still in Louisiana.

On January 2, 1973, Vera Burroughs filed a pleading entitled "Petition to Revise and Modify Decree." Francis Burroughs filed a motion to dismiss and answer. The court, on February 13, 1973, granted appellee's motion to dismiss.

Thirteen days later, on February 26, 1973, the appellant brought a Petition to Enlarge Decree and for a hearing on

the issue of alimony. She further stated that the Petition was not a proceeding for an amendment of judgment under V.R.C.P. 59 or relief from a judgment or order under Rule 60, but a request for a fair hearing on the aspects of the case not concluded by the original divorce action. This petition was denied.

The case is here on an appeal from the denial of the petitions of February 13 and February 26, 1973.

■ When the petition was brought on February 26, 1973, the County Court considered that the petition was, in fact, a motion to alter or amend and subject to the provisions of V.R.C.P. 59(c). This rule provides that such motion shall be served not later than ten days after entry of judgment. Thus the court was correct in declaring the motion out of time. Such a ruling is appealable only on the question of whether there has been a manifest abuse of discretion. *Walker* v. *Bank of America National Trust and Savings Assn.*, 268 F.2d 16 (9th Cir. 1959).

■ Any discretionary ruling is not subject to review here unless it clearly and affirmatively appears that such discretion has been abused or withheld. *State* v. *Goyet*, 120 Vt. 12, 19, 132 A.2d 623 (1957).

No abuse of discretion has been shown here and so the order denying the motion of February 26, 1973, is affirmed.

Such affirmation brings before this Court the order of February 13, 1973. This order resulted from a petition labelled by appellant as one to revise and modify a decree so that she may be awarded alimony claiming, that the issue of alimony was never decided by the court in its original hearing and decree of divorce on March 21, 1969.

■■ It is agreed that certain aspects of a divorce decree are always with the Court for modification or change. When alimony is included in the decree as support for the wife, it may be modified or changed. Such is not the case here. No order for alimony appears in the decree. As the petitioner was personally served, her failure to appear effectively waived any claim for alimony at a later date. Relief from the alleged failure to grant alimony then was determined by the lower court

to be a proceeding pursuant to V.R.C.P. 60(b). That rule requires that a motion for relief from a final judgment or order, must, in certain instances, be made within a year and in other instances within reasonable time. Four years is not a reasonable time.

In view of the above, the judgment must be affirmed.

*Judgment affirmed.*