## Beverly Bickford Messier v. Glendon M. Bickford

[501 A.2d 1192]

No. 83-390

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed September 20, 1985

*Vincent Illuzzi & Associates*, Orleans, for Plaintiff-Appellee.

*Moore & Donnellan*, Derby, for Defendant-Appellant.

**Per Curiam.** This case involves an appeal from a judgment below in the amount of $2,611.62 awarded to plaintiff for a child support arrearage.

We are asked to decide whether a divorce decree which sets an *undivided* weekly sum to be paid for the support of three children is deemed to require payment of the entire sum until the youngest child attains majority or whether the undivided child support award abates proportionately as each child comes of age.

By stipulation the defendant agreed to pay $39.57 a week as child support for three minor children, and the support provisions of the stipulation were made part of the September 4, 1970 divorce decree of the Orleans County Court.

Plaintiff moved to enforce the support provisions of the final decree, and defendant contends the Orleans Superior Court erred in its enforcement order of July 15, 1983 in that it ordered the payment of support arrearages based on the entire undivided support sum in the decretal order, without reducing the amount proportionately to take into account the fact that two of the children had reached the age of 18 prior to July 15, 1983. We disagree and affirm.

The trial court properly found the defendant liable for a support arrearage. "An unmodified support order remains in effect and cannot be modified by the unilateral action of one of the parties to the order." *Forte* v. *Forte*, 143 Vt. 518, 521, 468 A.2d 561, 563 (1983).

We hold that a divorce decree which sets an undivided weekly sum to be paid for the support of two or more minor children is deemed to require payment of the entire sum until the youngest child attains majority or until the decree is otherwise prospectively modified by a court order. *Cooper* v. *Matheny*, 220 Or. 390, 392, 349 P.2d 812, 813 (1960).

The support obligor is not automatically entitled to a pro rata reduction in the amount of an undivided award each time one of the children attains his or her majority. If the spouse paying support considers it unjust to be required to pay the full amount until the youngest child reaches the age of majority, the proper remedy is to seek modification of the decree in the trial court. *Schrader* v. *Schrader*, 148 Neb. 162, 168, 26 N.W.2d 617,

621 (1947) (quoting *In re Miller*, 139 Neb. 242, 297 N.W. 91 (1941)).

There are sound reasons for the rule of indivisibility. First, a support order is founded not only upon the needs of the minor children but also upon what the supporting parent can pay. Where the family is in a tight financial situation at the time of divorce, a support order may fix a payment insufficient to meet the needs of two or more children but the same sum may be adequate for one child. Therefore, it would be inappropriate to make a mechanical reduction in support payments as each child comes of age. *Cooper, supra*, 220 Or. at 392-93, 349 P.2d at 813. Secondly, the custodial parent has certain fixed cost in running a household that are not proportionately reduced as a particular child attains majority and leaves the hearthside. Lastly, "a support payment cannot be pro-rated equally among the beneficiaries for the reason that requirements of the individual child vary widely depending upon age . . . health and other circumstances." *Id.*

We conclude that the trial court did not err when it considered the award of $39.57 weekly as an indivisible sum.

*Judgment affirmed.*