**Wanda Christine HAWKINS, Plaintiff–Appellee,**

v.

**Glen H. HAWKINS, Defendant–Appellant.**

Court of Appeals of Tennessee, Eastern Section.

July 23, 1990.

Permission to Appeal Denied by Supreme Court, Oct. 22, 1990.

Perry G. Paine, Jr., Paine, Garrett & Bray, Maryville, for defendant-appellant.

Martha Meares and William B. Marsh, Meares, Marsh & Ralls, P.A., Maryville, for plaintiff-appellee.

OPINION

FRANKS, Judge.

The father appeals from a judgment of $4,500.00 for child support arrearage and an order increasing the amount of child support to $100.00 per week.

The parties were divorced on July 24, 1986 and, while the final decree is not in

this record, it appears the decree provided for $150.00 per week to be paid to the mother for the support of the parties' two minor children. When the eldest child became 18, the father unilaterally reduced the child support payments to $75.00 per week.

In October of 1987, the mother petitioned for an increase in child support and for contempt. On the date the issue was set for trial, the parties' attorneys apparently reached an agreement for the father to pay $100.00 per week child support;[1] however, an order was never entered based on the attorneys' agreement.

From that time the father sent the mother $100.00 per week by check, which checks were cashed and the amount was not questioned until November, 1988, when another petition was filed to increase the child support and for contempt which ultimately resulted in the judgment on appeal.

■ The record before this court does not establish a basis for a judgment based on arrearage of child support. It is well settled that a parent has no legal duty to support a child who has attained majority. *See* Tenn.Code Ann. § 1–3–113; *Blackburn v. Blackburn*, 526 S.W.2d 463 (Tenn.1975); *Garey v. Garey*, 482 S.W.2d 133 (Tenn. 1972); *Jones v. Jones*, 503 S.W.2d 924 (Tenn.App.1973). A parent may contract to provide support but the contractual obligation is beyond the legal duty of support during minority. *See Penland v. Penland*, 521 S.W.2d 222 (Tenn.1975).

■ Upon proper facts, a court may increase or decrease child support "on *application of either party*", Tenn.Code Ann. § 36–5–101(a)(1), but the power of the court to enforce an order of support is statutory and exists only during minority. *Penland*, at 224. As noted, the decree is not before us but there is no allegation that the father had previously agreed to pay more than his legal duty required and that he was re-

fusing to honor such agreement. Accordingly, the judgment for arrearage is reversed and the action dismissed as to this issue because the arrearage was based on accruals from the order of support after the child attained 18 years of age.

■ The court's award of $100.00 per week for the younger child was proper. The evidence established that the father is a route salesman for Mayfield Dairy and works on commission. He possessed an earning capacity in excess of $25,000.00 per annum and the increase of $25.00 per week was well within the trial court's discretion. Moreover, the father had previously agreed to the amount and had made such payments.

The judgment of the trial court is affirmed in part and reversed in part and the cause remanded, with the cost of appeal assessed one-half to each party.

SANDERS, P.J. (E.S.), and WILLIAM NEWKIRK, Special Judge, concur.

---

1. The mother denies there was agreement and the court subsequently found there was no meeting of the minds.