## Shirley HENRY v. Thomas HENRY

[643 A.2d 845]

No. 92-631

May 4, 1994.

The parties' relative earning capacities were unequal, wife's being more than $40,000 a year at the time of the divorce, which was more than double that of her husband. The parties were married fifteen years before the separation. Wife had a post-graduate degree (MBA); husband had an undergraduate degree (BA). The court found husband was emotionally disturbed in that he failed at times to communicate at all, completely withdrawing from family and friends.

The evidence amply supported a conclusion that wife was more financially self-sufficient than husband. Certainly, an award of spousal maintenance under these conditions is not unusual. What is unusual is that the amount of the maintenance was nominal. This came about because in the words of the trial court:

> Except as to Mr. Henry's emotional disturbance . . . both parties would be capable of providing their own incomes in an amount sufficient to maintain the style of living enjoyed during the marriage. However, this court cannot conclude that Mr. Henry is capable of working at the present time or that he is voluntarily

unemployed or underemployed. Since Mr. Henry declined to participate in these proceedings [he voluntarily absented himself from the final hearing after it had started] he has failed to meet his burden of establishing what, if any maintenance is due him. However, based on the Court's findings [ ], we cannot, in fairness, deny maintenance in this case. We conclude that, based on the evidence before us Mr. Henry is entitled to maintenance in the amount of $1.00 per year based solely on a mental/emotional disturbance from which he suffers and which interferes with his employability.

Obviously, it is not the $1 a year wife is complaining about. Wife's concern, although it is nowhere articulated in her appeal, must be that at some indefinite future time husband may move to modify the amount of maintenance to a considerably higher figure. 15 V.S.A. § 758 (upon "real, substantial, and unanticipated change of circumstances" maintenance may be modified). If this becomes so, her concern should be focused on resisting the motion to modify, if and when it should ever be filed, rather than at this time.

The maintenance award of $1 a year was not clearly erroneous. The findings that husband was temperamental and that his temperament had reduced his ability to earn a living in the past, and potentially might have the same effect in the future, were amply supported by the evidence.

*Affirmed.*