## Shirley MEIER v. Otto MEIER

### [656 A.2d 212]

### No. 92-536

December 30, 1994. Defendant appeals from a family court order, which requires him to pay plaintiff $950 per month in permanent maintenance. He argues that the family court erred in concluding that payments he made to plaintiff pursuant to the final divorce order were maintenance, rather than property settlement, and that the court had no authority to award maintenance six years after the final divorce order, which awarded plaintiff no maintenance. We agree and reverse.

The parties were married in 1955 and divorced in 1987. The final order and decree was based on the "Property Settlement and Separation Agreement" entered into by the parties. It provides:

> Commencing on the first day of May, 1987, and on the first day of each and every month thereafter, the Husband shall pay to the Wife the sum of Five Hundred Dollars ($500.00) for eighteen (18) months. At the end of (18) eighteen months, Husband will pay to Wife, *or to her estate if she shall sooner die*, the sum of $20,000. Said payments shall be in consideration of the Wife's relinquishment of any and all

right, title and interest to the Husband's retirement and pension benefits and Save Plan assets at General Electric (except as specified in paragraph 15). In the event the Husband shall be in arrears . . ., he shall execute an assignment of wages . . . .

*In the event of the Husband's death prior to payment in full of all sums due under this paragraph,* Wife shall receive Fifty Thousand dollars ($50,000) in life insurance benefits pursuant to paragraph 18, plus *payment from Husband's estate* of all remaining monthly payments and the Twenty Thousand Dollar ($20,000) lump sum. (Emphasis added.)

The parties agree that defendant has paid all sums due under the order. On November 8, 1991, plaintiff filed a motion to modify the final order, requesting maintenance payments from defendant on the ground of a substantial change in material circumstances. She alleged that she had become unemployed and was unable to secure a new position. The change in circumstances she advanced was the change in the current economy.

The family court found the final order ambiguous and thus considered parol evidence to determine the intent of the parties. Because the parties referred to the payments as alimony during negotiations, defendant marked "alimony payment" on some of his checks, and the parties considered the payments as maintenance for federal income tax purposes, the court held that the payments were maintenance. It also noted that a wage assignment for arrearages is generally a characteristic of support orders only. The court held that it was not foreclosed by the order or 15 V.S.A. § 758 from awarding maintenance although defendant's obligation under the order had been fulfilled. After reviewing the circumstances

of the parties, the court concluded that an award of $950 per month was appropriate. Defendant appeals.

Defendant first argues that the separation agreement and the final order were clear and unambiguous and indicate that the parties intended the payments to be part of the property settlement, not maintenance payments. Because the final order had no provision for maintenance, defendant maintains that the family court had no authority to award maintenance. We agree.

The final order incorporates a separation agreement made by the parties, which is a contract. See *Bendekgey v. Bendekgey,* 154 Vt. 193, 197, 576 A.2d 433, 435 (1990). We presume that the parties intended to be bound by the plain language of the instrument. *Northern Aircraft, Inc. v. Reed,* 154 Vt. 36, 44-45, 572 A.2d 1382, 1388 (1990). Extrinsic evidence may be used in construing a contract only upon finding an ambiguity. *Judge Devel. Corp. v. Bank of New York,* 814 F. Supp. 384, 388 (D. Vt. 1993). Whether a provision in a contract is ambiguous is a question of law. *Isbrandtsen v. North Branch Corp.,* 150 Vt. 575, 577, 556 A.2d 81, 83 (1988). We find no ambiguity in the payment provision herein; the parties intended the payments to be part of the property disposition.

Two factors lead us to this conclusion. First, the stated purpose of the payments is to compensate plaintiff for relinquishing all claim to defendant's pensions. The pension rights constitute marital property subject to distribution under 15 V.S.A. § 751. *Milligan v. Milligan,* 158 Vt. 436, 439, 613 A.2d 1281, 1283 (1992). Although this statement is not determinative, it is a strong indication that the payments to plaintiff were intended to be part of the property settlement. See 2 H. Clark, The Law of Domestic Relations in the United States § 16.1, at 181 (2d ed. 1987) (reference to purpose of award is one basis for distinguishing maintenance

from property). Second, under the terms of the agreement, the payments are due even after the death of the obligor or the obligee. Generally, the obligation to pay maintenance ceases upon the death of either party. *Justis v. Rist*, 159 Vt. 240, 243, 617 A.2d 148, 149 (1992). Although the parties may agree to maintenance following the death of the obligor, the usual purpose of maintenance, support of the obligee, is extinguished upon the death of the obligee. Absent any indication that the parties intended the payments to be maintenance, these two factors establish the payments as part of the property settlement.

"Vermont law is clear that the court cannot modify the property disposition aspects of a divorce decree absent circumstances, such as fraud or coercion, that would warrant relief from a judgment generally." *Boisselle v. Boisselle*, 162 Vt. 240, 242, 648 A.2d 388, 389 (1994). None of these grounds is asserted here. Nor may maintenance be modified where the original order has not provided for maintenance, nor reserved the issue. See *Burroughs v. Burroughs*, 132 Vt. 34, 36, 316 A.2d 522, 523 (1973) (modification of alimony proper only where alimony appears in the original decree); *Unser v. Unser*, 526 P.2d 790, 796 (N.M. 1974) (general rule is that where divorce decree is silent on any award of alimony, later award of alimony is precluded); see generally Annotation, *Domestic Divorce Decree without Adjudication as to Alimony, Rendered on Personal Service or Equivalent, As Precluding Later Alimony Award*, 43 A.L.R.2d 1387, 1391 (1955 & Supp. 1992). As the final divorce decree here is silent regarding maintenance, no maintenance may be ordered on motion for modification.

*Reversed.*