### Katherine O'Connell-Kivler MORANCY v. Michael MORANCY

[800 A.2d 435]

No. 00-378

December 21, 2001. Father Michael Morancy appeals from a family court order affirming a magistrate's decision awarding mother past due child support in the amount of $6900. Father raises several claims focusing on whether the court erred in awarding arrearages for child support payments beyond the statutory period of eligibility.

The parties were divorced in Vermont in December 1982. The divorce judgment awarded mother custody of the parties' two minor children and ordered father to pay mother one hundred dollars per week in child support. The order did not set a termination date for the support provision. When the older daughter turned eighteen on January 1, 1991, father reduced the child support payment to fifty dollars per week. When the younger daughter turned eighteen on May 5, 1992, father ceased paying support altogether. Father did not file a motion to modify, and mother did not consent to these reductions.

Both daughters continued high school beyond their eighteenth birthday. The magistrate found that the older daughter spent all or part of her senior year attending school in Denmark. Apparently because she did not obtain full credit for the overseas schooling, she repeated part of her senior year at Hanover High School, graduating in June of 1992. The younger child experienced health and personal problems while attending her local high school, enrolled in a neighboring school, had to repeat a grade, dropped out temporarily in the spring of 1992, and then reenrolled for her senior year in the fall of 1992. She did not complete high school, dropping out of school permanently after completing the first semester of her senior year in December 1992. The younger child received her GED in April 1993.

In October 1995, the office of child support filed a motion on behalf of mother to enforce the child support provision of the 1982 divorce decree. After an evidentiary hearing, the magistrate ruled that father was not entitled to automatically reduce by half

the amount of child support that he was paying when the older daughter turned eighteen. The court relied on *Messier v. Bickford*, 146 Vt. 292, 293, 501 A.2d 1192, 1192-93 (1985), which held that "a divorce decree which sets an undivided weekly sum to be paid for the support of two or more minor children is deemed to require payment of the entire sum until the youngest child attains majority or until the decree is otherwise prospectively modified by a court order." As the *Messier* decision explained, rather than unilaterally undertaking a pro rata reduction in the amount of the undivided award each time a child attains his or her majority, "the proper remedy is to seek modification of the decree in the trial court." *Id.* at 293, 501 A.2d at 1193.

The magistrate concluded that because the child support provision of the divorce decree did not allocate the support on a per child basis, the obligation continued unmodified until the younger child turned eighteen or completed her secondary education. See 15 V.S.A. § 658(c) ("The court may order support to be continued until the child attains the age of majority or terminates secondary education whichever is later."). Although the younger child turned eighteen in May 1992, she began her senior year of high school in the fall of that year, and left school permanently that December. Construing the statute to allow support payments to continue past the eighteenth birthday during temporary leaves from school, but not to include pursuit of a GED, the magistrate ruled that the full support obligation should continue until December 1992. This resulted in an order requiring payment of arrears totaling $6900. Father appealed to the family court, which affirmed the magistrate's decision. This appeal followed.

As noted, our child support statute provides that support shall continue "until the child attains the age of majority or terminates secondary education whichever is later." 15 V.S.A. § 658(c). By ordering father to pay the full support obligation until the younger daughter permanently left school in December 1992, however, the court effectively compelled payment beyond the older daughter's statutorily compelled termination date, which the court found to be the date of her graduation in June 1992. In so ruling, the court understandably relied on *Messier*'s holding that an undifferentiated support obligation continues until the youngest child attains majority. 146 Vt. at 293, 501 A.2d at 1192-93. Shortly after the *Messier* decision, however, we questioned its continued viability in light of the Legislature's enactment of 15 V.S.A. § 651(d) (since recodified as § 658(c)), which, we noted, "refers exclusively to 'the child' . . . [and] requires an individual award for each child based upon all relevant factors." *Cleverly v. Cleverly*, 147 Vt. 154, 158, 513 A.2d 612, 614 (1986).

In recent years, we have emphasized that, "[a]bsent an agreement to the contrary, the court does not have 'authority to enter a support order effective beyond the later of a child's majority or termination of secondary education.'" *Knowles v. Thompson*, 166 Vt. 414, 422, 697 A.2d 335, 339 (1997) (quoting *McCormick v. McCormick*, 159 Vt. 472, 480, 621 A.2d 238, 242 (1993)); see also *Cavallari v. Martin*, 169 Vt. 210, 214, 732 A.2d 739, 742 (1999) ("the family court has no jurisdiction to enforce a child support order against defendant beyond the eighteenth birthday of the child or the child's graduation from secondary school"). In the absence of any legal duty to provide support beyond the statutory period, we must conclude that *Messier*'s requirement of full support payments until the youngest child attains majority is no longer viable. The trial court here simply lacked the statutory authority to order payments for the older daughter beyond the termination of her secondary education. See *Hawkins v. Hawkins*, 797 S.W.2d 897, 898 (Tenn. Ct. App. 1990)

(although father had unilaterally reduced support by half when older child turned eighteen, court exceeded statutory authority in ordering payment of arrearages that accrued after child turned eighteen).

This is not to hold, however, that the noncustodial parent is free to unilaterally terminate an unallocated child support obligation on a pro rata basis as each child turns eighteen or graduates from secondary school. In this respect, *Messier* was correct that the parent's proper remedy is to seek a modification of the judgment in the trial court. 146 Vt. at 292, 501 A.2d at 1193. This allows the court to consider whether the individual needs of the remaining minors may require something less than a straight pro rata reduction. As the Illinois Supreme Court, in a similar case, explained: "It is the function of the court to determine whether there should be a *pro rata* reduction in lump-sum periodic support payments when one of several children is emancipated, or whether other equitable considerations require that the reduction be a lower amount, or in fact whether there should be any reduction in the payments. Automatic reduction in support payments in a case such as the one before us constitutes an infringement upon the discretionary powers of the court to modify an award." *Finley v. Finley*, 410 N.E.2d 12, 17-18 (Ill. 1980); see also *Ross v. Ross*, 397 N.E.2d 1066, 1070 (Ind. Ct. App. 1979) ("the obligated parent should not be allowed to arbitrarily reduce the support payment, but should petition to the trial court for an examination of current conditions to determine if modification of the order is proper"); *Hawkins*, 797 S.W.2d at 898 (after older child turned eighteen, trial court properly increased weekly child support for younger child from $75 (half of $150) to $100 in light of father's earning capacity and child's needs).

Finally, father contends the court erred in determining that support for the children could continue beyond their eighteenth birthdays since neither was in school at the time. The evidence supports the court's finding that the hiatus between the older daughter's return from school in Denmark and her reenrollment in high school in Hanover was intended to be, and was, a temporary termination of secondary school education, and therefore that father's support obligation properly continued until her graduation in June 1992, when she was nineteen. The record similarly supports the finding that the younger daughter's periods of nonenrollment were temporary, that she remained financially dependent, and that support properly continued until she dropped out permanently in December 1992. Although the statute does not speak directly to circumstances such as these, a reasonable interpretation would allow support to continue past the eighteenth birthday when the child is either still in school, or has ceased schooling for a temporary period but intends to continue. See, e.g., *Kruger v. Kruger*, 679 P.2d 961, 962 (Wash. Ct. App. 1984) (since purpose of provision for child support while children were in school was to encourage completion of education without incurring economic disadvantage, support would cover temporary periods of absence from school).

Although the effect of the child support order in this case was to require payment of child support beyond the statutory period of eligibility, father here never moved to modify the order, instead unilaterally reducing payments as each child turned eighteen. As noted earlier, this was improper. Furthermore, it is well settled that the court may not retroactively modify or annul previously accrued child support payments. See *St. Hilaire v. DeBlois*, 168 Vt. 445, 447, 721 A.2d 133, 135 (1998). Modification may take effect only on or after the date of a motion to modify. See *Harris v. Harris*, 168 Vt. 13, 24, 714 A.2d 626, 633 (1998).

Absent such a motion here, we conclude that the judgment awarding arrearages must be affirmed.

*Affirmed.*

Motion for reargument denied March 22, 2002.