2004 VT 68

# Brenda E. Arbuckle v. Ernest J. Ciccotelli

[857 A.2d 324]

No. 03-239

Present: **Amestoy, C.J., Dooley, Johnson, Skoglund and Reiber, JJ.**

Opinion Filed July 30, 2004

*William K. Koppenheffer* of *Janson & Koppenheffer*, Lebanon, New Hampshire, for Plaintiff-Appellee.

*Ernest J. Ciccotelli*, Pro Se, Norwich, Defendant-Appellant.

¶ 1. **Amestoy, C.J.** Appellant Ernest Ciccotelli appeals pro se from the family court's denial of his motion for an emergency modification of spousal support, and his motion for a permanent modification of spousal support, pursuant to 15 V.S.A. § 758. Appellant claims that the court erred in holding that the family court lacks subject matter jurisdiction to modify an award of rehabilitative maintenance when the motion to modify is filed after the expiration of the original term. We affirm.

¶ 2. Ernest Ciccotelli and Brenda Arbuckle were divorced by decree of the Windsor Family Court on January 26, 1999. The final order incorporated a stipulation signed by the parties and their attorneys, making certain provisions with regard to the parties' respective parental rights, and the distribution of the marital property. In relevant part, the order awarded the marital home to appellant, making him solely responsible for the home's mortgage and any outstanding obligations for maintenance, insurance and taxes on the property. In consideration of Arbuckle's waiving her right to recover any share of the equity in the parties' marital home, appellant waived any possible claim against Arbuckle for contributions towards appellant's student loan obligations, which constitute debts of the marriage. Arbuckle was obligated to pay appellant rehabilitative spousal maintenance in the amount of $600 per month through December 1999, "at which time [Arbuckle's] obligation to pay maintenance shall be concluded." It is undisputed that Arbuckle paid spousal maintenance according to the terms of the final order, and that the term of the spousal maintenance order expired in December of 1999.

¶ 3. On January 3, 2003, appellant filed a motion for emergency modification of spousal support, and a motion for permanent modification of spousal support, pursuant to 15 V.S.A. § 758. Appellant claimed that his inability to find suitable employment to maintain his former standard of living and to confront his financial obligations constituted a "real, substantial, and unanticipated change of circumstances," see 15 V.S.A. § 758, that warranted modification of the maintenance award to provide him monthly support in the amount of $1500 for five years, or until he found employment that would permit him to maintain his former standard of living. Arbuckle's response to appellant's motion maintained that a support order cannot be modified or reinstated after the rehabilitative maintenance period stated in the final order has expired. After ordering the parties to file legal memoranda in support of their respective positions, the court held that the family court lacked subject matter jurisdiction in this case. The court observed that "[t]he weight of authority holds that jurisdiction to modify an award of rehabilitative maintenance ends when the term of the alimony ends. The rationale is that otherwise, the finality of divorce would be illusory."

¶ 4. On appeal, appellant claims that the court erred in determining that it had no jurisdiction over this case because the family court always maintains jurisdiction over its orders, and because 15 V.S.A.

§ 758 specifically allows the court to modify maintenance awards. Appellant further argues that the family court's decision is not supported by the policy of finality and that finality should, in any case, be balanced by all other considerations of equity.

¶ 5. In asserting that the court had jurisdiction over the case, appellant contends that the Vermont Constitution commands the courts to administer justice without limitation, and this obligation should be construed to confer a court with continuing jurisdiction over its own orders. See Vt. Const. Ch. II, § 28 ("The Courts of Justice shall be open for the trial of all causes proper for their cognizance; and justice shall be therein impartially administered, without corruption or unnecessary delay."). We find this argument without merit. The jurisdiction of the family court to review its own orders is generally limited by res judicata principles. See *Tudhope v. Riehle*, 167 Vt. 174, 177-78, 704 A.2d 765, 767 (1997) (collateral attacks on validity of divorce order and settlement agreement incorporated therein are barred under principles of res judicata).

¶ 6. Appellant argues that, in any event, 15 V.S.A. § 758 expressly authorizes the court to modify an award of maintenance at any time. The statute provides: "On motion of either party and due notice, and upon a showing of a real, substantial, and unanticipated change of circumstances, the court may from time to time annul, vary or modify a judgment relative to maintenance . . . ." 15 V.S.A. § 758. Appellant claims that the plain language of the statute ("from time to time") evinces the Legislature's intent to vest the court with jurisdiction to review a maintenance judgment periodically, without any time limiting factors. Relying on *Cleverly v. Cleverly*, 147 Vt. 154, 513 A.2d 612 (1986), appellant further asserts that this Court has already recognized that § 758 permits modification of rehabilitative maintenance awards whenever it determines that the original order has proved insufficient to allow the recipient to become self-supporting. We disagree.

¶ 7. We have not addressed the issue of whether the family court has subject matter jurisdiction to modify an award of rehabilitative maintenance after the term of rehabilitative maintenance has expired. Appellant's reliance on *Cleverly* is misplaced. The issue in *Cleverly* was whether a rehabilitative maintenance award pursuant to 15 V.S.A. § 752(b) must have a definite termination date, and we held that it must. *Cleverly*, 147 Vt. at 159, 513 A.2d at 615. We explained in passing that although "it may be difficult for the trial court to predict the exact length of time required for the recipient to become self-supporting . . . if the recipient has not achieved self-sufficiency during the time period

established, he or she may petition the court for modification of the order pursuant to 15 V.S.A. § 758." *Id.* at 159-60, 513 A.2d at 615. Because it was not at issue in the case, we did not address whether the court's power to modify the award terminated at any point in time.

¶ 8. We have previously held, however, that the family court may not modify a divorce decree by awarding maintenance, where the original decree did not provide for maintenance. See *Meier v. Meier*, 163 Vt. 608, 610, 656 A.2d 212, 214 (1994) (mem.); *Burroughs v. Burroughs*, 132 Vt. 34, 36, 316 A.2d 522, 523 (1973). For this reason, a court may award maintenance in a nominal amount, to preserve the court's ability to modify the award later in the event of a "real, substantial, and unanticipated change in circumstances." *Henry v. Henry*, 162 Vt. 613, 613, 643 A.2d 845, 845-46 (1994) (mem.). Absent such preservation, the court cannot order maintenance at a later time, even if the financial situation of one of the spouses would warrant it.

¶ 9. Appellant's position does not differ logically from the litigant initially denied maintenance who, years after the final divorce decree, finds himself in financial need. If, absent a maintenance order, the spouses' duty to support each other expires at the time of the final divorce decree without possibility of modification, it follows that where the decree provided maintenance for a specified period of time, the former spouse's duty to support the beneficiary is equally terminated at the end of such period. "In other words, the support requirements may be modified so long as the duty to support exists, but not thereafter." *In re Marriage of Park*, 602 P.2d 1123, 1124 (Or. Ct. App. 1979). We therefore hold that rehabilitative maintenance awards cannot be modified after the term of rehabilitative maintenance has expired.

¶ 10. Our holding is in accord with the overwhelming majority of jurisdictions that have considered the issue. See, e.g., *Banks v. Banks*, 336 So. 2d 1365, 1367 (Ala. Civ. App. 1976) (adopting reasoning of other jurisdictions that alimony can be modified as long as it is modified before termination date); *Mercer v. Mercer*, 641 P.2d 1003, 1005 (Idaho 1982) (trial court cannot modify alimony after time fixed in original decree has expired); *Eckert v. Eckert*, 216 N.W.2d 837, 841 (Minn. 1974) (trial courts have statutory power to modify or terminate alimony but cannot reinstate it unless "jurisdiction to thereafter reinstate alimony ... in the matter is reserved"); *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 800-01 (Mo. 1983) (en banc) (*overruled on other grounds by Cates v. Cates*, 819 S.W.2d 731 (Mo. 1991)) (term or

amount of periodic maintenance may not be reviewed after the payment term has run); *Bellefeuille v. Bellefeuille*, 636 N.W.2d 195, 198-99 (N.D. 2001) (trial courts must retain jurisdiction when facing uncertainty about need for permanent support thereby leaving award open for later modification, but if court does not retain jurisdiction, decree cannot be modified after expiration of maintenance term); *Welke v. Welke*, 288 N.W.2d 41, 42 (Neb. 1980) (where alimony payments had occurred in full prior to application to modify, "the original decree could not, under the [divorce] statute, be subsequently modified to provide for additional amounts of alimony"); *Marriage of Park*, 602 P.2d at 1124-25 (once duration of time for support has passed, supporting spouse no longer has a duty to pay); *Brown v. Brown*, 507 P.2d 157, 158-59 (Wash. Ct. App. 1973) (alimony can be modified during term of payment, but if there is no modification, once payment term ends, "the obligation is forever extinguished"); *Fobes v. Fobes*, 368 N.W.2d 643, 645 (Wis. 1985) ("[A] judgment respecting the amount and terms of payment of limited maintenance [may be altered] so long as the petition seeking revision is filed prior to the termination date of limited maintenance under the judgment.") (*overruled on other grounds by Rohde-Giovanni v. Baumgart*, 676 N.W.2d 452 (Wis. 2004)); *Harshfield v. Harshfield*, 842 P.2d 535, 537 (Wyo. 1992) (petition to divide ex-husband's pension thirteen years after divorce decree barred as res judicata where court originally considered pension as marital property and alimony was awarded for two years only). But see *In re Marriage of Wessels*, 542 N.W.2d 486, 489 (Iowa 1995) (reconsideration of maintenance award may be justified in extraordinary circumstances, "so extreme in their nature as to render the initial understanding grossly unfair and therefore subject to change").

¶ 11. Our holding also serves the paramount policy of guaranteeing the finality of a divorce decree. "'There is no area of law requiring more finality and stability than family law ....'" *Hilaire v. DeBlois*, 168 Vt. 445, 448, 721 A.2d 133, 136 (1998) (quoting *Hackley v. Hackley*, 395 N.W.2d 906, 914 (Mich. 1986)). Once a divorce decree is final and the maintenance order has expired, neither the parties nor the court should be burdened by the inevitable uncertainty that would flow from a perpetually unresolved maintenance award.

*Affirmed.*