Nationwide Mut. Ins. Co. v. Parker's Classic Auto Works, No. 649-8-10 Rdcv (Teachout, J., Jan. 12, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**  
**Rutland Unit**

**CIVIL DIVISION**  
**Docket Nos. 649-8-10 Rdcv**  
**650-8-10 Rdcv**  
**651-8-10 Rdcv**

**NATIONWIDE MUTUAL INSURANCE CO.,**  
    **Appellant**

    **v.**

**PARKER'S CLASSIC AUTO WORKS,**  
    **Appellee**

## SMALL CLAIMS APPEAL

Nationwide Mutual Insurance Company ("Nationwide"), defendant below, appeals from a judgment of the Small Claims Court dated July 22, 2010. The case was tried by jury and the jury found Nationwide liable to Plaintiff Parker's Classic Auto Works ("Parker's") for amounts due under 31 automobile insurance policies. On appeal, Nationwide argues that 1) the Small Claims Court improperly allowed evidence other than the original individual policies to prove the contents of the insurance policies, 2) the Small Claims Court improperly admitted documents purportedly assigning insureds' interest under their policies to Parker's, 3) the evidence does not support the jury verdict because the assignment documents purport to assign "proceeds" and not "claims," and 4) Parker's improperly split its claim to satisfy the jurisdictional limit in Small Claims Court.

For the reasons set forth below, this court finds no errors regarding admissibility or sufficiency of evidence or claim splitting and affirms the judgment of July 22, 2010.

*Proceedings Before Small Claims Court*

Parker's filed three small claims court complaints on February 2, 2010. Each complaint alleged that Nationwide had breached its policies with several insureds by failing to pay the total cost of auto repairs performed by Parker's on the vehicles of the insureds, and that each of the insureds had assigned any claim against Nationwide for the full payment of the repairs to Parker's. There were a total of 31 insureds' claims distributed among the three cases. The complaints sought, respectively, $3,006.11; $3,426.76; and $ 4,996.33 in damages. Each complaint filed by Parker's included claims of several insureds, and the total amount claimed under each complaint was less than the $5,000 jurisdictional limit of Small Claims Court.

Nationwide answered each complaint and demanded a jury trial. The three complaints were consolidated for the purpose of trial. The jury trial was held on July 19 and 20, 2010.

The evidence introduced at trial showed that Parker's is an auto body shop in Rutland. Parker's had performed repair work for the 31 customers insured by Nationwide at issue in this suit. In each instance, Nationwide had issued a check to its insured which failed to cover the total cost of repairs billed by Parker's. Parker's argued that Nationwide breached its policy with its insureds by failing to cover the full cost of repairs. Parker's and Nationwide had no contractual relationships between themselves, but Parker's claimed that the 31 insureds had assigned their claims for the full cost of repairs to Parker's in exchange for Parker's releasing physical possession of their vehicles before the repair bill was paid. Parker's sued to collect damages on the assigned claims.

Special interrogatories were submitted to the jury, which found first that Parker's proved it was assigned the right to bring the claims of the 31 insureds. The jury then found in all three of the consolidated cases that Parker's had proved the elements of each of its claims and that Nationwide had failed to prove its affirmative defense. The jury awarded Parker's its requested damages in all three cases.

*Claims on Appeal*

Nationwide argues 1) that the Small Claims Court erred in admitting certain evidence and allowing it to be used to prove the terms of the insurance policies of the 31 insureds, 2) that the Court erred in admitting assignment documents without certain testimony and authentication, 3) that the jury verdict was not supported by the evidence because the assignments refer to "proceeds" and not "claims," and 4) that Parker's impermissibly split a single claim.

*(1)  Admissibility of Evidence Concerning Insurance Policies*

Nationwide argues that it was error for the Small Claims Court to admit evidence other than the insureds' individual insurance policies to show the terms of the policies, and that the admitted evidence is insufficient to support the verdict. The original policies of the 31 insureds were not admitted at trial. Rather, Parker's relied on the testimony of Nationwide's representative and a sample Nationwide auto insurance policy in effect at the time of the pertinent policies to show the terms of the insureds' policies and Nationwide's obligation under those policies.

Nationwide objected to such evidence as insufficient under V.R.E. 1002, the best evidence rule. The Vermont Rules of Evidence apply to jury trials held in the Small Claims Court. V.R.S.C.P. 6(b).  Rule 1002 requires an original document to be introduced to prove its content "except as otherwise provided in these rules or by statute." One such exception is contained in V.R.E. 1007. Rule 1007 allows the contents of a document to be proved by the testimony of the party against whom it was offered. Here, Parker's elicited such testimony from Nationwide's representative. He testified that Nationwide had a contract with each of the 31 insureds, that Nationwide had an obligation under that contract to pay for repairs, and that Nationwide chose to pay these insureds directly to satisfy its obligation under the contract. This

2

evidence was properly before the jury through the testimony of Nationwide's representative. Parker's also introduced the sample policy into evidence through the Nationwide representative.

Thus, although each of the individual insured's policies was not offered into evidence, the jury had sufficient admissible evidence on which to base a finding that Nationwide had an obligation under each policy to pay the insured for the cost of repairs to that insured's vehicle.

Nationwide did not dispute the terms of the contract. The purpose of the best evidence rule "is to secure the most reliable information as to the contents of documents, when those terms are disputed." E. Cleary, et al., McCormick on Evidence § 243, at 578 (2d ed. 1974). When the substance of a document is not actually in doubt, any supposed violation of the best evidence rule is harmless error. See *Sauget v. Johnston*, 315 F.2d 816, 818 (9th Cir. 1963) (holding best evidence violation harmless error when objecting party's testimony corroborated the terms of the document). Thus, even if, assuming for the sake of argument, all the original policies should have been admitted under Rule 1002, it was harmless error not to do so.

*2) Sufficiency of Evidence of Assignment of Claims*

Nationwide also claims that the court erred in admitting the 31 documents in which the insureds assigned their claims to Parker's. Nationwide argues that because there was no evidence that the insureds signed, agreed with, or understood these documents, the documents purporting to effect the assignments of the claims were inadmissible.

The assignment documents were admitted under the business records exception to the hearsay rule. V.R.E. 803(6). Michael Parker, the owner of Parker's, testified at trial that the insureds signed the assignment documents to Parker's, that such assignment documents were signed by all customers in exchange for driving their vehicles away once the repairs were complete, and that all assignment documents of all customers were maintained as business records in the ordinary course of Parker's regular business activity. Therefore, these documents were properly admitted under Rule 803(6). They constituted sufficient evidence on which the jury could base a finding that Parker's was the assignee of all the insureds' claims, and had the right to pursue them.

*(3) Assignments of "Proceeds" as Claims*

Nationwide challenges the jury verdict on the grounds that the purported assignments used the word "proceeds" rather than the word "claims." Nationwide attacks the jury's first finding that Parker's proved it was assigned the right to bring the claims against Nationwide. Nationwide argues that the word "proceeds" as opposed to the word "claims" connotes only the ability to receive the amount to be recovered and not the ability to bring suit upon the claim.

There was sufficient evidence here for the jury to reach the verdict it reached. Viewing the situation in its entirety, the evidence tended to show that the 31 insurers were willing to give to Parker's any claim for reimbursement in exchange for Parker's releasing their vehicles; otherwise, the vehicles would have to remain at the garage for lengthy periods until the insureds settled their claims with Nationwide. In light of this evidence of context, it was well within the

bounds of reasonable inference from the evidence for the jury to find that, in spite of the use of the word "proceeds" rather than the word "claims," Parker's and the 31 insureds intended that the assignments gave Parker's the insureds' right to assert their legal claims against Nationwide, and not just the right to any money otherwise collected on those claims. See *In re Estate of Price*, 2006 VT 62, ¶ 10, 180 Vt. 548 (mem.) ("The meaning of a contractual term 'cannot exist in a vacuum' and must be assessed in light of 'the circumstances surrounding the making of the agreement' while viewing the agreement 'in its entirety.'") (citations omitted).

*(4) Claimsplitting*

Finally, Nationwide argues that Parker's improperly split its claim in order to satisfy the $5000 jurisdictional limit for Small Claims Court. Nationwide is correct that a plaintiff may not subdivide a claim into multiple suits merely to gain access to Small Claims Court. See 12 V.S.A. § 5531(b); V.R.S.C.P. 2(a); see also *Bullard v. Thorpe*, 66 Vt. 599, 605 (1894) ("It is well settled, we think, without a contrary decision, that a person cannot split up an entire indivisible claim, so as to give a court jurisdiction, that it would not otherwise possess.")

Nevertheless, Parker's actions here were proper. Parker's did not split "an entire indivisible claim," as was done in *Bullard*, *Id*. Parker's could conceivably have brought 31 small claims suits against Nationwide based on the separate individual claims of each of the 31 insureds. Instead, Parker's chose to consolidate its claims up to the jurisdictional limit. This decision advanced judicial economy and did not run afoul of the claim-splitting prohibition.

ORDER

The Judgments of the Small Claims Court dated July 22, 2010, is *affirmed*.

Dated at Rutland, Vermont this 11th day of January, 2011.

_____
Hon. Mary Miles Teachout
Superior Judge

4